UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KCRA TELEVISION, INC., et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-01095-KJM-GGH<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

　　　　Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1 indisputably meritless legal theory or where the factual contentions are "clearly baseless."

2 Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not

3 only the inarguable legal conclusion, but also the fanciful factual allegation." Id. at 325.

4     Normally, the court "must accept as true all of the factual allegations contained in the

5 complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly,

6 550 U.S. 544, 555–56 (2007)).  However, "a finding of factual frivolousness is appropriate when

7 the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

8 judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33

9 (1992).  Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce

10 the veil of the complaint's factual allegations and dismiss those claims whose factual contentions

11 are clearly baseless." Id.  Among those "are claims describing fantastic or delusional scenarios,

12 claims with which federal district judges are all too familiar." Id. at 328.  This portion of the

13 statute "is designed largely to discourage the filing of, and waste of judicial and private resources

14 upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of

15 bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal

16 Rule of Civil Procedure 11." Id. at 327.

17     The court does not exercise this "unusual power" lightly or often.  Indeed, the court takes

18 very seriously the following admonition of the Supreme Court:

19
20
21
22
23
> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.  Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

24 Denton, 504 U.S. at 33 (emphases added).  Nevertheless, when it is appropriate to do so—that is,

25 when the allegations go well beyond "unlikely" or "improbable" and enter the realm of

26 "irrational," "wholly incredible" or "delusional" —the court carries out the intent of the law, and

27 dismisses claims meeting the Neitzke standard.  Denton, 504 U.S. at 33 ("[A] finding of factual

28 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible").

Plaintiff's alleges that he is the victim of a vast government conspiracy originating with President Richard Nixon and extending to President Barack Obama and Governor Jerry Brown. ECF No. 1 at 2. Plaintiff claims that the government surgically inserted a microchip into his brain as an infant in violation of his Eighth Amendment rights, and have since engaged in a campaign to undercut plaintiff's credibility by slandering his good name. Id. The court finds plaintiff's allegations regarding defendants' conduct are so incredible that they need not be accepted as true. In accordance with the foregoing, the court finds that amendment of plaintiff's complaint would be futile. The undersigned will therefore recommend that these claims be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/GGH17;maxe1095.ifp.dism